IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES CHRISTIAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-941-BN |
| | § | |
| TONY WILLIAMS and PROVIA | § | |
| HOLDINGS INC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendants Tony Williams and Provia Holdings, Inc. have filed a motion for summary judgment. *See* Dkt. No. 41.

Plaintiff Charles Christian filed a response, *see* Dkt. No. 46, and Defendants filed a reply, *see* Dkt. No. 50.

For the reasons explained below, the Court grants Defendants' Motion for Summary Judgment [Dkt. No. 41].

**Background**

This case arises from an alleged motor vehicle accident.

Plaintiff Charles Christian alleges that, on December 7, 2022, they were driving southbound on Inwood Road in Dallas, Texas when Defendant Tony Williams collided with his car. *See* Dkt. No. 1-2 at 17. Williams was purportedly an employee of Defendant Provia Holdings, Inc. at the time of the accident. *See id.* Christian alleges that they sustained injuries requiring medical treatment as a result of the collision. *See id.* at 17-18.

Christian sued Williams and Provia Holdings, Inc. in Texas state court, and Defendants removed the lawsuit to this court on the basis of diversity jurisdiction. *See* Dkt. No. 1.

Christian asserts a negligence claim against Williams. Christian alleges that Williams: failed to keep a proper lookout; failed to make such application of the brakes as a person using ordinary care would have; failed to maintain proper control of the vehicle under the existing conditions; failed to turn the vehicle to avoid the collision; travelled at an unsafe speed; and failed to maintain an adequate distance between his vehicle and plaintiff's vehicle. *See* Dkt. No. 1-2 at 17-18.

Christian contends that Provia Holdings, Inc. is liable for Williams's acts of negligence under the theory of respondeat superior. *See id.* at 18. They allege that, at the time of the accident, Williams was acting within the scope of his employment with Provia Holdings, Inc. *See id.*

Christian seeks monetary relief over $250,000 but not more than $1,000,000 for past and future medical expenses, physical pain and suffering, mental anguish, and loss of earning capacity. *See id.* at 18-19.

Defendants now move for summary judgment on Christian's claims. *See* Dkt. No. 41.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is

-2-

material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for

summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

"[W]hen the moving party has carried its burden under [Federal Rule of Civil Procedure] 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*,

465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*,780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

### Christian's Hearing Continuance Request and/or Motion for Leave

Defendants filed objections and a Motion to Exclude or Limit Plaintiff's Medical Experts. *See* Dkt. No. 42.

In response, Christian's counsel requested that the Court grant them additional time to amend and file proper designations of experts. *See* Dkt. No. 48. Specifically, the response states that, "[t]hough Plaintiff's counsel has filed what was believed at the time to be the necessary designations on January 8, 2025, Plaintiff's counsel requests this hearing to be reset and that Plaintiff be granted leave to amend those filings and file under the required standards of the Federal Rules of Evidence."

*Id.* at 1.

The Court construes Christian's counsel's request as one for an extension of the expert disclosure deadline, which essentially asks that the Court revive an expired deadline established under Federal Rule of Civil Procedure 16(b).

The Court entered the initial Rule 16(b) scheduling order in this lawsuit on July 9, 2024. Dkt. No. 25. That order set plaintiff's expert disclosure deadline as January 9, 2025. *See id.* at 2. And, on January 8, 2025, plaintiff designated several medical providers that would testify to plaintiff's medical conditions, treatment, and expenses. *See* Dkt. No. 36.

Such "a pretrial schedule may be modified 'only for good cause.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

To meet this standard, parties must show that, despite their diligence, they could not reasonably have met the deadlines in the scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (cleaned up)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (cleaned up)); *cf. Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding

-8-

no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

While the Court considers four factors to determine whether to modify a scheduling order, *see S&W Enters.*, 315 F.3d at 536; *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990), Rule 16(b)(4)'s "good cause standard requires the party seeking relief to [first] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' Failure to meet that threshold is a sufficient reason to" deny the requested extension – or, as applied here, to revive an expired deadline, *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters.*, 315 F.3d at 535).

Christian offers no justification, let alone a credible and reasonable one, under the relevant factors for waiting more than three months to seek an extension of the expert designation deadline. And, so, Christian fails to show that they acted with diligence.

Christian's only explanation – that they had filed "what was believed at the time to be the necessary designations" by the deadline – reveals their inadvertence. And, as the United States Court of Appeals for the Fifth Circuit has explained, "merely proffering *an* explanation is not enough. Rather, that explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Banks*, 114 F.4th at 372 (emphasis in original; quoting *S&W Enters.*, 315 F.3d at 536). And, so, inadvertence alone "is tantamount to no explanation at

all." *S&W Enters.*, 315 F.3d at 536.

And, so, the Court denies Christian's construed motion for leave as to extending the expert disclosure deadline [Dkt. No. 48].

## Analysis

### I.    Subject matter jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 is the only basis for federal subject matter jurisdiction that Defendants invokes in their Notice of Removal. *See* Dkt. No. 1.

The United States Court of Appeals for the Fifth Circuit recently explained that, in a diversity case under 28 U.S.C. § 1332,

- "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;

- "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the citizenship of" each party; and,

- "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.

*Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (published order); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019).

The Fifth Circuit has also long held that district courts can and should do their own fact-finding and final determinations on their subject-matter jurisdiction over a case at any stage, including before summary judgment. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) ("Judges have the power to resolve certain threshold issues without the participation of a jury before the adjudication of a case on its merits. For example, when subject matter jurisdiction over a case turns on disputed facts, judges have the power to resolve these disputes in assuring themselves of their courts' jurisdiction."); *Edwards v. Associated Press*, 512 F.2d 258, 262 n.8 (5th Cir. 1975) ("Consideration of affidavits and, where necessary, the taking of testimony are appropriate means for resolving jurisdictional disputes."). And, when district courts determine "the existence of subject matter jurisdiction in fact," the courts do not proceed under the strictures, burdens, or standards that apply to motions under Federal Rules of Procedure 12(b)(6) and 56, such as attaching "presumptive truthfulness … to [a] plaintiff's [or removing defendant's] allegations." *Chatham Condo. Associations v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) (cleaned up). A district court is instead "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case"; "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"; and the party invoking the federal court's jurisdiction "will have the burden of proof that jurisdiction does in fact exist." *Id.* (cleaned up).

And, so, to comply with this governing law, Defendants must provide evidence sufficient to support a jury finding of the citizenship of each party or for the Court to evaluate and determine on its own the citizenship of each party.

For natural persons, Section 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

And, for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Defendants allege that Plaintiff Charles Christian is a citizen of Texas. *See* Dkt. No. 53 at 1-2.

To support plaintiff's citizenship allegations, Defendants provide excerpts from their deposition indicating that they have resided in Texas for several years and have family in Texas. *See* Dkt. No. 54-3 at 9; *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (explaining that "[r]esidence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile" (cleaned up)). And Defendants submit evidence that Christian has identification issued from a Texas agency, *see* Dkt. No. 54-3 at 10, and, in December 2024, underwent a medical procedure that "may be reasonably expected to require ongoing care from [their] doctor in Texas," Dkt. No. 54 at 2 (citing Dkt. No. 54-3 at 7-8).

Defendants allege that Tony Williams "has resided in Baldwyn, Mississippi since at least the time of the accident in December 2022" and intends for Mississippi to be his "permanent home," and, so, Williams is a citizen of Mississippi. Dkt. No. 53 at 1-2.

To support Williams's citizenship allegations, Defendants provide a declaration from Williams asserting the same and adding that he is registered to vote in Mississippi. *See* Dkt. No. 54-1.

Defendants allege that Provia Holdings, Inc. is an Ohio corporation with its principal place of business located in Ohio, and, so, it is a citizen of Ohio. *See* Dkt. No. 53 at 1-2.

To support Provia Holdings, Inc.'s citizenship allegations, Defendants provide a declaration, in which Provia Holdings, Inc.'s representative asserts that it is an Ohio corporation and that its principal place of business and headquarters is located at 2150 State Route 39, Sugarcreek, Ohio 44681. *See* Dkt. No. 54-2.

Based on the evidence provided, the Court finds that Plaintiff Charles Christian is a citizen of Texas, Defendant Tony Williams is a citizen of Mississippi, and Defendant Provia Holdings, Inc. is a citizen of Ohio.

And, so, the Court finds that Defendants have satisfied their burden of proof regarding the citizenship of the parties in this action.

## II.    **Negligence**

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that

breach. *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex. 2004)).

Defendants argue that they are entitled to summary judgment on Christian's negligence claim because Christian failed to produce evidence that Williams breached a legal duty owed to them or proximately caused their harm. *See* Dkt. No 41 at 3-4.

For the reasons explained below, the Court agrees.

### A. Legal Duty

A duty is a legal obligation to conform to a particular standard of conduct. *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 233 (Tex. App. – Dallas 1993, writ denied).

Christian alleges several duties that they claim Williams owed them. *See* Dkt. No. 1-2 at 17-18 (listing William's duties as the following: failure to keep a proper lookout, make such application of the brakes as a person using ordinary care would have, maintain proper control of the vehicle under the existing conditions, turn the vehicle to avoid the collision, maintain an adequate distance between his vehicle and plaintiff's vehicle, and travelling at an unsafe speed).

Defendants do not address the duties alleged by Christian. And, so, they fail to meet their initial summary judgment burden on the first element of Christian's negligence claim.

### B. Breach of Duty

Defendants argue that Christian failed to produce any evidence that Williams breached a legal duty.

For example, Defendants assert that Christian "cannot identify evidence or authority that under the circumstances [Williams] should or could have kept a better lookout, applied brakes differently, travelled at a different speed, or maintained a difference distance from another vehicle." Dkt. No. 41 at 3.

Defendants have met their initial burden of showing that no genuine issue of material fact exists with respect to the second element of Christian's negligence claim by pointing the Court to the absence of evidence to support a required element of a plaintiff's case. *See Keeley v. Cisco Sys.*, No. 3:01-cv-1504-D, 2003 WL 21919771, at *3 (N.D. Tex. Aug. 8, 2003) (noting that, although the defendant did not explicitly argue that plaintiff had failed to establish a prima facie case, the defendant had satisfied its summary judgment burden by pointing to the absence of evidence to support one prong of the prima facie case) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

And, so, the burden shifts to Christian to demonstrate the existence of a genuine issue of material fact on the alleged breach of the duties.

Texas law is clear that an accident alone does not constitute evidence of a breach. *See Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 48 (Tex. App. – San Antonio 2005, no pet.) ("[T]he occurrence of an accident is not of itself evidence of negligence."). Rather, a plaintiff must prove the element of breach and bring forth competent summary judgment evidence to prove the defendants' breach of a duty. *See Nabors Drilling, U.S.A., Inc. v. Escoto,* 288 S.W.3d 401, 404 (Tex. 2009).

Christian is "required to identify specific evidence in the record, and to

articulate the 'precise manner' in which that evidence supported [their] claim." *ContiCommodity Servs. Inc., v. Ragan,* 63 F.3d 438, 441 (5th Cir. 1995).

In response, Christian cites their own deposition testimony for the proposition that Williams struck plaintiff's vehicle while making an "excessively wide right turn" at a stop light. *See* Dkt. No. 47 at 4 (citing *id.* at 16, 19). Christian asserts that "[t]here is no evidence to suggest that [Williams] exhibited any caution in making his wide turn, and in fact he seemingly was not paying attention enough to know that he even made contact with another vehicle" because, as Christian testified at deposition, they had to "chase [] Williams down in order to notify him of the collision." *Id.* at 6-7 (citing *id.* at 21-22).

But, since Defendants have met their initial burden of showing that no genuine issue of material fact exists concerning this element, it is Christian's burden to counter with specific facts to show a genuine dispute exists concerning breach of duty.

Christian has failed to do so here because they have merely recounted how the accident occurred, which is "not of itself evidence of negligence." *Trejo*, 185 S.W.3d at 48. They have not provided competent summary judgment evidence to show Williams breached any of the alleged duties via his conduct by, for example, designating an expert witness to opine on the issue. And, as discussed above, the deadline for such designations has expired.

Expert testimony is generally necessary when an issue involves a matter beyond a lay person's common understanding. *See Guevara v. Ferrer,* 247 S.W.3d 662, 665 (Tex. 2007); *see also Goodyear Tire & Rubber Co. v. Rios,* 143 S.W.3d 107, 118

(Tex. App. – San Antonio 2004, pet. denied) (explaining that, when "a lay person's general experience and common sense will not enable that person to determine the issue, expert testimony is required.").

And, so, Christian has not met their burden, and Defendants are entitled to summary judgment on Christian's negligence claim.

### C. Proximate Cause

Defendants also argue that there is no genuine issue of material fact regarding the element of proximate cause. *See* Dkt. No. 41 at 3-4; Dkt. No. 50 at 4-5.

A breach is the "proximate cause" of the plaintiff's harm when it is a "cause in fact" of the harm and "a reasonable prudent person should have known of the anticipated danger created by [the breach]." *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012); *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 774-75 (Tex. 2010). Mere conjecture, guess, or speculation cannot establish proximate cause. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Rather, the plaintiff must prove proximate cause with evidence of probative force. *See id.* "The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred." *Id.* (internal citations omitted). But it is not enough to show cause in fact if the defendant did nothing more "than furnish a condition which made the injury possible." *Id.* "Instead, the evidence must show that the negligence was the proximate, not the remote, cause of the injuries and justify the conclusion that the injury was the natural probable

result." *Katy Springs & Mfg. v. Favalora,* 476 S.W.3d 579, 590 (Tex. App. – Houston [14th Dist.] 2015, pet. denied) (citing *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 266 (Tex. App. – Houston [14th Dist.] 2000, pet. denied)).

The mere occurrence of a collision does not establish negligence as a matter of law. *See Benavente v. Granger,* 312 S.W.3d 745, 749 (Tex. App. – Houston [1st Dist.] 2009, no pet.). Rather, the plaintiff still has the burden of proving negligence of the defendant as the proximate cause of an accident. *See id.* (quoting *Neese v. Dietz*, 845 S.W.2d 311, 313 (Tex. App. – Houston [1st Dist.] 1992, writ denied)).

Here, Christian contends that they have "provided several affidavits, medical records, and billing records" that outline "exactly how, as a result of this incident" Christian required medical treatment. Dkt. No. 47 at 7. But that documentation has not been filed with the Court.

Christian testified that they sought medical treatment "up until at least August or September of 2023 as a result of this incident" and, coupled with the notion that "a person of ordinary intelligence would easily anticipate that a large vehicle striking another smaller vehicle would cause injury to the occupant of the smaller vehicle," asserts that there is a genuine issue of material fact concerning this element. *Id.* at 7-8 (citing *id.* at 24-26).

But, this evidence, as to proximate cause, amounts to mere conjecture and speculation based on the collision itself allegedly constituting negligence. *See Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d at 477 (explaining that mere conjecture, guess, or speculation cannot establish proximate cause). And Christian points to no

other evidence or testimony in the record to show that the alleged negligence was the proximate cause of their injuries.

And, so, Defendants are also entitled to summary judgment on Christian's negligence claim for this reason.

### III.  **Respondeat Superior**

Christian sues Defendant Provia Holdings, Inc. in this suit under the theory of respondeat superior. *See* Dkt. No. 1-2 at 18. Under the theory of respondeat superior, "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). The employee's act must be of the same general nature or incidental to the conduct authorized. *See id.* "If an employee deviates from the performance of his duties for his own purpose, the employer is not responsible for what occurs during that deviation." *Id.*

"Proving an employer's vicarious liability for a worker's negligent driving ... involves a two-step process." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 138 (Tex. 2018). The plaintiff has the burden of showing, at the time of the alleged conduct, that the worker (1) was an employee and (2) was acting within the course and scope of his employment. *See id.*

Christian alleges that Williams was an employee of Provia Holdings, Inc. at the time of the incident and was acting within the scope of his employment. *See* Dkt. No. 1-2 at 18.

But an employer cannot be vicariously liable under respondeat superior for a

plaintiff's negligence claim when the plaintiff has not met the prima facie case on such a claim.

Because Defendants are entitled to summary judgment on Christian's negligence claim, Defendants are also entitled to summary judgment on Christian's claim under the theory of respondeat superior. *Accord Gould v. Wood*, No. 3:18-cv-786-K-BN, 2019 WL 1930053 (N.D. Tex. Apr. 4, 2019) (finding the same).

## Conclusion

The Court denies Christian's construed motion for leave as to extending the expert disclosure deadline [Dkt. No. 48], denies as moot Defendants' Motion to Exclude or Limit Plaintiff's Medical Experts [Dkt. No. 42], grants Defendants' Motion for Summary Judgment [Dkt. No. 41], and dismisses with prejudice Christian's claims.

SO ORDERED.

DATED: June 20, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE